Case 1:23-cv-00053-C   Document 1   Filed 03/10/23   Page 1 of 11   PageID 1

FILED
March 10, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

1:23-cv-00053

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---

OJEDA-HERRERA, CARLOS ALBERTO

Petitioner,

v.

C. STEARNS, WARDEN, FCI BIG SPRING,
BIG SPRING, TEXAS,

Respondent

---

EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241

DISTRICT COURT NO: 1:03cr00491-001

---

OJEDA-HERRERA, CARLOS ALBERTO
PRO SE PETITIONER
REG. NO. 76309-053
FCI BIG SPRING
1900 SIMLER AVE
BIG SPRING, TX 79720

## STATEMENT OF THE ISSUES

I. Mr. Ojeda-Herrera's statutory release date was January 20, 2024. He earned 365 days of FSA time credits. On February 6, 2023, BOP applied the 365 days of FSA time credits, which reset Mr. Ojeda-Herrera's release date to January 20, 2023 (overdue). FCI Big Spring gave 'Release Papers' corroborating his release on February 14, 2023. "After" Mr. Ojeda-Herrera signed deportation papers, FCI Big Spring took away the 365 days of FSA time credits, which reset his release back to January 20, 2024. Did BOP exceed its authority?

## STATEMENT OF THE CASE

### A. Procedural History

On June 16, 2011, Mr. Ojeda-Herrera was sentenced in the United States District Court, District of Columbia, to a 204-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States, and to import one kilogram or more of heroin and aiding and abetting, Count-1; and attempt to distribute five kilograms or more of cocaine, knowing or intending that the cocaine would be unlawfully imported into the United States and aiding and abetting, Count-2 (USDC No. 1:03cr00491).

Mr. Ojeda-Herrera pled guilty. He did not appeal his conviction. He did not file a §2255 petition. He filed a §2241 petition on December 28, 2022 (Ojeda-Herrera v. Stearns, Case No: 1-22-cv-00195-H). The facts and the argument of that petition are different. However, it shows BOP's utter disregard for prisoner's rights. That petition is still pending a ruling from this district court.

Mr. Ojeda-Herrera is currently not represented for this petition and is proceeding Pro Se. This court has jurisdiction as Mr. Ojeda-Herrera is currently in the custody of FCI Big Spring, Big Spring, Texas, which is in the Northern District of Texas.

B. Exhaustion of Administrative Remedies:

Mr. Ojeda-Herrera doesn't have to exhaust administrative remedies because if this petition is ruled in his favor, his statutory release date would be reset to January 20, 2023. Thus, exhaustion is not required in this case. See Carling v. Peters, NO. 00-2958, 2000 U.S. Dist. LEXIS 10288, 2000 WL 1022959, at *2 (E.D. Pa July 10, 2000) (finding that exhaustion is not required where delay would subject petitioner to "irreparable injury").

Mr. Ojeda-Herrera should have been released on January 20, 2023. This court should rule on the merit of this petition and not subject him to additional irreparable injury, for the procedural niceties of exhaustion of Administrative Remedies.

3

C. Statement of Facts

Congress enacted First Step Act, which was effective in December 2018. However, BOP misinterpreted the Act and denied giving FSA time credits to inmates with pending charges and detainers (including State and immigration detainers).

BOP misrepresented the First Step Act in its program statement released on 11/18/2022 - PS 5410.01, "First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C § 3632(d)(4)", where it misstated the First Step Act, "That earned FTCs will be applied for inmate who, "Has no detainers or unresolved pending charges, to include unresolved immigration status"

The district courts around United States ruled that BOP exceeded its authority by precluding application of earned FTC credits for inmates having pending charges and state and immigration detainers. See Komando v. FCI Berlin, Warden, Case No: 1:22-cv-425-SE (D.N.H) (Jan 13, 2023); See also Sierra v. Jacquez, Case No: 2:22-cv-01509 U.S DIST LEXIS 6938 (W.D. Wash. Jan 13, 2022). The district courts explained that a detainer is not a final order of removal and 'Final order of removal' will be determined by the immigration judge after petitioner's time in federal prison has been completed. See also Awucye v. FCI Berlin, Case No: 1:22-cv-00358 (D.N.H); Anton v. FCI Berlin, Case No: 1:22-cv-00389 (D.N.H).

Finally, on 2/6/2023, in alignment with court's orders, BOP rectified its Program Statement (PS 5410.01 CN-1) and applied the earned FTC credits to inmates with immigration detainers.

Prior to 2/6/2023, Mr. Ojeda-Herrera's statutory release date was January 20, 2024. On 2/6/2023, BOP applied the 365 days of earned FTC credits for Mr. Ojeda-Herrera, setting his release date to 1/20/2023 (overdue).

In preparation for my impending release, on 2/6/2023, I was taken to R&D to meet with immigration officials and sign my deportation papers as I was going to be released. Before signing my deportation papers, I

4

asked the immigration official (Teichroeb-T10410) if it is going to adversely affect my FSA credits and she confirmed, "there will be no problems whatsoever."

On 2/11/2023, officer, Mr. Batchilli, announced in front of 60 inmates in Sunrise-Range 6 that I should have been released on 1/20/2023 and that I will be released by 4PM that day (2/11/2023). Later that day, officer Mr. Batchilli advised me that I have to wait until 2/13/2023 to sign my release papers with case manager Mr. Roman and I signed them on 2/13/2023.

On 2/13/2023, case manager, Mr. Roman, and the unit manager, Mr. Pierce, told me that their boss, Mr. Morgan (CMC) ordered them to take away the FSA credits (365 days) that have already been applied to me. My family took a screen shot of the BOP website on 2/14/2023, where it clearly showed my release date as 1/20/2023. See Exhibit 1. FCI Big Spring took away my 365 days of earned FSA credits and the BOP website on 2/15/2023 showed a release date of 1/20/2024. See http://www.BOP.GOV website.

See the progress report that was given to Mr. Ojeda-Herrera by FCI Big Spring that shows a Release date of 01-20-2023 and Release Method of 'FIRST STEP'. See Exhibit-2.

Also see the Release papers that show the Release Date of 02/14/2023 and the Release Method of 'FSA REL'. See Exhibits 3-1 and 3-2.

5

## ARGUMENT

I. First Step Act does not cause inmates to forfeit their earned and applied FSA credits because they sign deportation papers.

Mr. Ojeda-Herrera earned 365 days of FSA time credits since December of 2018 by participating in Evidence Based Recidivism Reduction Programs and Production Activities. Because of misinterpretation of First Step Act, BOP delayed applying the FSA time credits until February 6th, 2023. Inmates do not forfeit earned FSA time credits that have already been applied just because they sign deportation papers in preparation for final release.

A deportation order is not a final order of removal. In Komando v. FCI Berlin, Case No: 1:22-cv-425-SE (D.N.H) (Jan 13, 2023) and Sierra v. Jacquez, Case No: 2:22-cv-01509 US DIST LEXIS 6938 (W.D. Wash Jan 13, 2022), the district court explained that a 'Final order of removal' will be determined by the immigration judge after an inmate's time in federal prison has been completed. Even assuming the signing of deportation papers puts you in a 'Final order of Removal' – this status only makes you ineligible to earn and apply any future time credits, but it cannot have any impact on the already earned and applied FSA time credits.

Here, in Mr. Ojeda-Herrera's case, BOP applied the already earned 365 days of credit on February 6th, 2023, which is the reason that triggered his immediate release (his release date advanced from January 20, 2024 to January 20, 2023) and FCI Big Spring prepared his release papers with a release date of February 14, 2023. See Exhibit 2. And on February 11, 2023, Officer Mr. Batchilli actually announced in front of 60 inmates that Mr. Ojeda-Herrera should have been released 3 weeks earlier on January 20, 2023. Mr. Ojeda-Herrera cannot forfeit his duly earned and applied time credits just because he later signs deportation papers.

Even though the sole reason of having Mr. Ojeda-Herrera sign the deportation papers was to prepare him for his immediate release, it strains credulity to see that BOP deceived him by taking away his FSA time credits after he signed the deportation papers. Thus BOP has exceeded its authority.

This court should issue an emergency order to BOP to reinstate Mr. Ojeda-Herrera's FSA time credits and release him immediately.

An inmate cannot lose already earned and applied FSA time credits unless they commit a disciplinary infraction (a shot / write-up / Incident Report). See 28 C.F.R. 541. A sanction of loss of FSA time credits by the Disciplinary Hearing Officer (DHO) may only be imposed when an inmate is found to have committed a prohibited act. See Program Statement PS 5410.01.

BOP has egregiously exceeded its authority by taking away duly earned and already applied 365 days of FSA credits just because Mr. Ojeda-Herrera signed the deportation papers. A 'Final Order of Removal' only stops any future earning and application of FSA credits but it cannot take away already earned and applied FSA credits that he received, before he signed the deportation papers.

7

## CONCLUSION

Mr. Ojeda-Herrera duly earned his 365 days of FSA time credits and BOP applied them before he signed any deportation papers. BOP exceeded his authority by making him sign deportation papers in preparation for his immediate release and then taking away his FSA time credits.

This court should issue an emergency order to BOP to reinstate Mr. Ojeda-Herrera's 365 days of FSA time credits and release him immediately.

I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted on 03/06/2023

_____
OJEDA-HERRERA, CARLOS ALBERTO
REG. NO. 76309-053
FCI BIG SPRING
1900 SIMLER AVE
BIG SPRING, TX 79720

CERTIFICATE OF SERVICE

I hereby certify that on 03/06/2023, I have delivered this petition to the prison officials at FCI Big Spring, Big Spring, Texas, in an envelope addressed to this court (below), by U.S Mail with prepaid first class postage

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
341 PINE STREET, ROOM 2008
ABILENE, TX 79601

_____
OJEDA-HERRERA, CARLOS ALBERTO
REG. NO. 76309-053
FCI BIG SPRING
1900 SIMLER AVENUE
BIG SPRING, TX 79720

9



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
341 PINE STREET, ROOM 2008
ABILENE, TX. 79601

OJEDA HERRERA, CARLOS A.
REG N° 76309053
F.C.I. BIG SPRING - R-6
1900 SIMLER AVENUE
BIG SPRING, TX. 79720